OPINION
This appeal, submitted on the accelerated calendar, is being considered pursuant to Appellate rule 11.1(E) and Local Rule 12. Pursuant to Local Rule 12(5), we elect to render decision by written opinion.
Defendant-appellant Robert F. Glass takes this appeal from the judgment of the Court of Common Pleas of Allen County sentencing him to the maximum sentence on one count of aggravated arson and one count of burglary.
In August 1998, Glass was indicted on two counts of burglary and one count of aggravated arson. On August 31, 1998, Glass pled not guilty to all counts. On October 7, 1998, Glass entered a guilty plea to one count of burglary and one count of aggravated arson. The second burglary charge was dismissed.
The sentencing hearing was held on November 16, 1998. At the hearing, the trial court imposed the maximum terms on both counts and ordered the sentences to be served consecutively. The trial court failed to make the findings required by R.C. 2929.14(C) and R.C. 2929.14(E)(4). It is from this judgment that the appeal is taken.
Glass raises the following assignments of error.
 The trial court committed an error of law by imposing the maximum sentence contrary to R.C. 2929.14(C) and R.C. 2953.08(A)(1)(b).
 The trial court committed an error of law by imposing a consecutive sentence contrary to R.C. 2929.14(E)(4) and R.C. 2953.08(C).
The first assignment of error claims that the trial court erred by imposing the maximum sentences. R.C. 2929.14 states in pertinent part:
 (B) * * * [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 (C) * * * [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
This court has previously held that the requirement that these findings be on the record is mandatory.
In State v. Martin (June 23, 1999), Crawford App. No. 3-98-31, unreported, we analyzed the Ohio felony sentencing statutes, the means for their fulfillment by the trial court, and the standard for appellate review of such sentences. There, we held that it is the trial court's findings under R.C. 2929.03,2929.04, 2929.11, 2929.12, 2929.14 and 2929.19 which, in effect, determine a particular sentence and that a sentence unsupported by those findings is both incomplete and invalid. Further, we concluded that such findings must be made on the record at the sentencing hearing and a mere recitation by the trial court that it has considered the matters required by the sentencing statutes will not suffice.
In this case, the trial court did not state the reasons for the imposition of the maximum sentence on the record. Without these required findings and the reasons supporting the findings in the record, the sentence is incomplete and invalid. See Martin, supra. The State concedes that the required findings were not made and agrees that the case must be remanded for resentencing. Thus the first assignment of error is sustained.
In the second assignment of error, Glass claims that the trial court did not make the required findings before sentencing him to consecutive sentences. R.C. 2929.14(E) states:
 (3) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to [R.C. 2929.16, 2929.17, or 2929.18], or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
When consecutive sentences are imposed under R.C. 2929.14, the trial court must follow certain procedures.
 The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (c) If it imposes consecutive sentences under [R.C. 2929.14], its reasons for imposing the consecutive sentences;
R.C. 2929.19(B)(2).
Here, the trial court imposed consecutive sentences on Glass. The trial court failed, however to place its reasons for its actions on the record as required by R.C. 2929.19(B)(2). Nor did the trial court make the statutorily required findings for imposing consecutive sentences. R.C. 2929.14(E). Once again, the State concedes that the trial court failed to make the necessary findings and agrees that the case must be remanded for resentencing. Martin, supra. Thus, the second assignment of error is sustained.
The judgment of the Court of Common Pleas of Allen County is reversed and the cause remanded for further proceedings in compliance with this opinion.
Judgment reversed and
Cause remanded.
HADLEY and WALTERS, JJ., concur.